IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GERALD ROCKOVITZ,

    Plaintiff,

vs.                                                            Civ. No.  10-120 JP/RLP

BEN E. KEITH COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On March 3, 2010, Defendant filed Defendant's Partial Motion to Dismiss Count II of Plaintiff's Complaint (Doc. No. 6)(Motion to Dismiss).  Having reviewed the briefs and relevant law, the Court concludes that the Motion to Dismiss should be granted and that Count II of the Complaint for Damages Based on Age Discrimination in Employment and on Breach of Employment Contract (Doc. No. 1)(Complaint) should be dismissed without prejudice.

A.  *The Complaint*

Plaintiff alleges in the Complaint that he had been employed by Defendant for approximately eleven years when Defendant terminated his employment on April 23, 2009. Plaintiff also alleges that he was 56 years old at the time of termination and that his duties were taken over by two younger women who were 33 years old and 41 years old, respectively. Plaintiff further alleges in the Complaint that in December 2008, the Defendant's general manager informed him that "'he (Plaintiff) would always have a home at [BEK],' or words to that effect."  Complaint at §14.  Finally, Plaintiff claims in the Complaint that he "was never counseled on, or disciplined due to, poor performance, and in the 3 to 4-year period immediately preceding his firing, Plaintiff did not receive any performance review."  *Id*. at §15.

Plaintiff brings three Counts in his Complaint:  Count I is an Age Discrimination in Employment Act (ADEA) claim; Count II requests relief under the Lilly Ledbetter Fair Pay Act

(Ledbetter Act); and Count III is a claim of breach of an implied contract of employment. Defendant moves to dismiss Count II under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

*B. Rule 12(b)(6) Standard of Review*

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). Rule 12(b)(6) requires that the complaint set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

*C. Discussion*

Defendant argues that Plaintiff's request for relief under the Ledbetter Act does not state a legally cognizable cause of action separate from the ADEA claim already alleged in Count I. Defendant, therefore, concludes that Count II is subject to dismissal under Rule 12(b)(6) for failing to state a "claim" upon which relief can be granted. Plaintiff acknowledges that the Ledbetter Act does not create a "'separate cause of action.'" Motion to Dismiss at 2. Plaintiff, however, contends that the Ledbetter Act "creates a separate and very specific relief for ADEA plaintiffs" and that this relief is retroactive to the effective date of the Ledbetter Act. *Id*.

The congressional intent of the Ledbetter Act was to amend the various federal employment acts, including the ADEA, "to clarify that a discriminatory compensation decision or other practice that is unlawful under such Acts occurs each time compensation is paid pursuant to the discriminatory compensation decision or other practice, and for other purposes." Pub. L. No. 111-2, 123 Stat. 5. In fact, Sec. 4 of Ledbetter Act amended the ADEA at 29 U.S.C.

§626(d) by adding the following subparagraph:

> (3) For purposes of this section, an unlawful practice <u>occurs</u>, with respect to discrimination in compensation in violation of this Act, when a discriminatory compensation decision or other practice is adopted, when a person becomes subject to a discriminatory compensation decision or other practice, or when a person is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

Emphasis added.  The Ledbetter Act made this amendment effective May 28, 2007.  Sec. 6 of the Ledbetter Act.

As Plaintiff admits, the Ledbetter Act does not provide a cause of action.  The Ledbetter Act amended the ADEA to better explain when to begin "the time period in which victims of discrimination can challenge and recover for discriminatory compensation decisions or other practices...." Sec. 2(1) of the Ledbetter Act.  By virtue of having been amended, the ADEA now incorporates automatically the protections of the Ledbetter Act.  *See Dixon v. University of Toledo*, 638 F.Supp. 2d 847, 851 (N.D. Ohio 2009).  The Ledbetter Act also provided an effective date for the ADEA amendment.  In sum, the Ledbetter Act's amendment to the ADEA pertains to the timeliness of discriminatory compensation claims and does not create substantive rights upon which relief can be granted.  Hence, Count II is subject to dismissal under Rule 12(b)(6).  The dismissal will be without prejudice to ensure Plaintiff is able to seek relief under the amended ADEA.

IT IS ORDERED that Defendant's Partial Motion to Dismiss Count II of Plaintiff's Complaint (Doc. No. 6) is granted and that Count II of the Complaint will be dismissed without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE